344 So.2d 6 (1977)
SOUTH CENTRAL BELL TELEPHONE COMPANY
v.
MARSH INVESTMENT CORPORATION.
No. 7795.
Court of Appeal of Louisiana, Fourth Circuit.
January 12, 1977.
Rehearing Denied April 13, 1977.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Raymond J. Salassi, Jr., and James P. Lambert, New Orleans, for plaintiff-appellee.
James J. Morrison, Jr., New Orleans, for defendant-appellant.
Before SAMUEL, LEMMON and GULOTTA, JJ.
LEMMON, Judge.
In this expropriation proceeding the sole issue raised by defendant landowner on appeal is the sufficiency of plaintiff's evidence as to the necessity of expropriating the subject parcel of land.
South Central Bell Telephone Company had proposed to expand its existing long distance toll service between New Orleans and Houma. In the system used on this route, amplifiers or repeaters are required *7 at about three-mile intervals along the toll cable to boost the strength of the signal which would otherwise gradually lose strength, causing failure of the system.
In the area of the subject property the toll cable and repeater sites were located just inside the right of way of Highway 90. The existing amplifier equipment was housed in three cabinets at each repeater site. When additional equipment was needed because of increased demand for service in the area, the design engineer recommended that the additional amplifiers be placed in 8 × 12-foot huts or buildings and that the existing amplifiers be moved into the buildings. These facilities were expected to be sufficient to handle whatever equipment would be required in the next 15 years.
The Department of Highways had allowed South Central Bell to place the cabinets on the highway right of way, but objected to more than three cabinets at any one location. Because of this objection and because South Central preferred to have the equipment off the right of way and less subject to damage, the company purchased servitudes measuring 50 × 50 feet on the private property immediately adjacent to each point where the existing repeater sites were located. This suit followed defendant's refusal to grant the requested servitude.
We believe that the evidence adequately supports the trial court's finding of necessity. Defendant virtually admits that South Central was reasonable in choosing the location where a supply point had already been established, but principally attacks the decision to locate the equipment off the right of way. South Central, however, did not arbitrarily choose to locate off the right of way. South Central could not place this particular equipment on the right of way without the consent of the Department of Highways (R.S. 45:781 notwithstanding), and the additional equipment exceeded the limit imposed by the Department. Furthermore, the safer location off the right of way afforded South Central an opportunity to keep the area around the equipment free of tall grass, trash and fire hazard and provided a desirable parking area for service vehicles.
The expropriating authority is vested with considerable discretion as to the location of a servitude, and the selection will not be disturbed unless made arbitrarily or in bad faith. Greater Baton Rouge Port. Comm. v. Watson, 224 La. 136, 68 So.2d 901 (1953); Louisiana Power & Light Co. v. Lasseigne, 256 La. 919, 240 So.2d 707 (1970); Dakin & Klein, Eminent Domain in Louisiana, Ch. VI, § 1 A 2 b ii (1970). Here, the uncontradicted evidence established that the location selected fulfills South Central's needs and meets sound engineering and economic standards, and there is no evidence to suggest that the location was chosen arbitrarily or without reasonable basis. We conclude that the necessity of taking this parcel was adequately supported by the evidence.
South Central answered the appeal, seeking amendment of the judgment to cast defendant with court costs pursuant to R.S. 19:12, which provides:
"If a tender is made of the true value of the property to the owner thereof, before proceeding to a forced expropriation, the costs of the expropriation proceedings shall be paid by the owner."
Prior to filing suit South Central's appraiser wrote a letter to defendant offering $3,187.50 for the property in accordance with an appraisal of the value of the property to be taken and the damages to the remainder of the property. The trial court adopted this appraisal and awarded this exact amount.
The offer did not constitute a "tender" as contemplated by R.S. 19:12. In order to require assessment of costs against the owner, the expropriating authority must unconditionally submit the true value of the property to the owner prior to filing suit, or perhaps may offer the true value and, if refused, deposit that amount into the registry of court at the time of filing. In any event the authority must show that the owner was afforded an opportunity to *8 accept an amount, which the authority has reasonably determined to be the true value, without prejudice to the owner's right to seek additional compensation. Louisiana Power & Light Co. v. Ponder, 127 So.2d 1 (La.App. 1st Cir. 1961), cert. den., State of La. through Dept. of Highways v. Rownd, 119 So.2d 282 (La.App.Orl.1960), cert. den.[1]
In the present case the record does not establish that South Central made an unconditional tender of the amount which was subsequently determined judicially as the true value. The letter offer, which was refused, only fulfilled R.S. 19:2's condition for expropriation "(w)here a price cannot be agreed upon with the owner . . . ." Under these circumstances the trial court's assessment of costs was correct.
The judgment is affirmed.
AFFIRMED.
GULOTTA, J., concurs and assigns reasons.
GULOTTA, Judge, concurring.
I concur with the result but do not subscribe to the majority's reasons for denial of South Central's claim for assessment of court costs against the landowner. The majority concludes that no "unconditional tender" was made of the amount which was subsequently determined judicially as the true value.
I am persuaded, as is the majority, towards the conclusion assessing costs against South Central Bell; but, for a different reason.
It is true, as pointed out by the telephone company, that the amount awarded is the same as that offered; however, the offer was made in payment for full ownership of the parcel to be expropriated. The trial judge granted a servitude only to the telephone company. Ownership is retained by the landowner. The trial judge awarded less than that sought by plaintiff for the same amount offered.[1] Under the circumstances, the expropriating authority bears the responsibility for payment of costs.
NOTES
[1] In the Rownd case the authority did deposit the true value into the registry of court, but was unsuccessful in imposing costs on the owner because of failure to make an offer prior to filing suit.

Inasmuch as legal costs in expropriation proceedings come within the constitutional guarantee of just and adequate compensation, any statute charging costs to the owner must be strictly construed.
[1] See Humble Pipe Line Company v. Wm. T. Burton Industries, Inc., 253 La. 166, 217 So.2d 188 (1968) for recognition of servitude apart from ownership in expropriation cases.